UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA

     -v-

GERMAN DARIO POLANCO,
------------------------------------------------x

MEMORANDUM AND ORDER
Case No. 07-cr-780

Appearances:

*For the Government:*
ANDREW C. GILMAN, ESQ.
U.S. Attorney's Office, E.D.N.Y.
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge**:

German Dario Polanco is currently incarcerated pursuant to the Court's September, 26 2011 judgment sentencing him to four concurrent life sentences on convictions for murder in furtherance of a continuing criminal enterprise and murder through the use of a firearm. *See* Dkt #135. On January 31, 2013, the Second Circuit affirmed this judgment. *United States v. Polanco*, 510 F. App'x 10 (2d Cir. 2013).

Polanco, *pro se*, moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*") and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). For the following reasons, this motion is denied.

## I.    *Johnson* II Claim

Polanco's *Johnson* II claim challenges his two murder through the use of a firearm convictions under 18 U.S.C. § 924(j), not his two murder in furtherance of a

1

continuing criminal enterprise convictions under 21 U.S.C. § 848(e)(1)(A).   At

sentencing, the Court imposed concurrent life sentences on each of the four counts

of convictions.

Accordingly, regardless of any *Johnson* II errors, Polanco must still serve two

concurrent life sentences.  Therefore, any error "caused no prejudice" and Polanco

is not entitled to habeas relief.  *Underwood v. U.S.*, 166 F.3d 84, 87 (2d Cir. 1999)

(If the error "could not affect the prison term," then it is "merely cosmetic," and the

petitioner "cannot obtain relief on collateral review."); *see also Colon v. U.S.*, 2005

WL 2764820, at *2 (D. Conn. Oct. 21, 2005) (petitioner not entitled to relief because

"[petitioner] still faced three additional life sentences" and "his sentences on the

contested counts did not affect his total term of imprisonment"); *Ogando v. U.S.*,

2001 WL 69428, at *2 (S.D.N.Y. Jan. 26, 2001) (when a petitioner has concurrent

sentences, he is not entitled to have a lesser-included conviction vacated when "the

consequences of such vacatur would be essentially non-existent" because he "would

remain incarcerated for the same period of time").

## II. *Williams* Claim

Polanco further argues that, in accordance with *Williams v. Pennsylvania*, 36

S. Ct. 1899 (2016), Judge Trager, the trial judge, and Judge Block, the sentencing

judge, should have *sua sponte* recused themselves because these judges decided

important witness issues, trial motions, and post-trial motions that rendered them

bias.  In *Williams*, the Supreme Court held that "there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." 136 S. Ct. at 1905.

Polanco's argument is without merit.  Neither Judge Trager nor Judge Block acted as a prosecutor in Polanco's case.  Both judges acted exclusively as impartial adjudicators in deciding trial motions, post-trial motions, and witness issues.

* * *

For the foregoing reasons, Polanco's §2255 motion is denied.

**SO ORDERED**.

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 24, 2020

3