UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>GERMAN DARIO POLANCO<br><br>Defendant. | **MEMORANDUM AND ORDER**<br><br>Case No. 07-CR-780 |

*Appearances*:
*For the Government*:
BENJAMIN WEINTRAUB
U.S. Attorney's Office, E.D.N.Y.
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendants*:
GERMAN DARIO POLANCO, pro se
No. 66972-004
Federal Correction Complex
Coleman Medium
P.O. Box 1032
Coleman, FL 33521

**BLOCK, Senior District Judge:**

German Dario Polanco ("Polanco") moves *pro se* pursuant to Federal Rule of Civil Procedure 59, asking the Court to alter or amend its previous judgment denying Polanco's Rule 60 motion. Polanco's motion is denied.

## BACKGROUND

Polanco is currently incarcerated pursuant to the four concurrent life sentences imposed on September 26, 2011, for two counts of murder in furtherance of a continuing criminal enterprise and two counts of murder through the use of a firearm, pursuant to 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 924(j)(1), respectively. The Second Circuit affirmed this judgment on January 31, 2013. *See*

*United States v. Polanco*, 510 F. App'x 10 (2d Cir. 2013). Following his conviction, Polanco has made several subsequent, unsuccessful motions, including: (1) to vacate, set side, or correct his convictions under 28 U.S.C. § 2255, *see United States v. Polanco*, No. 07-CR-780, 2020 WL 4261175 (E.D.N.Y. July 24, 2020) (denying motion); (2) for compassionate release under the First Step Act, 18 U.S.C. § 3582, *see United States v. Polanco*, No. 1:07-CR-00780-FB-1, 2021 WL 1854739, at *1 (E.D.N.Y. May 10, 2021) (denying motion); and (3) for relief from the final judgment pursuant to Federal Rules of Civil Procedure 60(b)(6) and 60(d)(1), *see United States v. Polanco*, No. 07-CR-780 (E.D.N.Y. Oct. 5, 2022) (denying motion).

Moving *pro se*, Polanco now submits a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), requesting that the Court reconsider its October 5, 2022, order denying Polanco's motion for relief from the final judgment pursuant to Rules 60(b)(6) and 60(d)(1). Polanco submitted a subsequent letter asking the Court to "include on [his] previous Rule 59 motion, the recent Supreme Court's decision titled *United v. Taylor*, 142 S. Ct. 2015 (2022)."

Polanco faces a high hurdle — the standard for reconsideration is "demanding," and Polanco may obtain relief only if there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Benny v. City of Long Beach*, No. 20-CV-

2

1908 (KAM)(ST), 2022 WL 9446910, at *1 (E.D.N.Y. Oct. 14, 2022) (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021)).

## DISCUSSION

Polanco asks the Court to reconsider its denial of Polanco's Rule 60 motion. There, the Court had rejected Polanco's argument that recent caselaw demonstrated that Polanco was unlawfully convicted for violating § 924(j)(1).

To briefly sketch the statutory and doctrinal landscape, 18 U.S.C. § 924(j)(1) authorizes enhanced punishment for "a person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm." Subsection (c)(1)(A), in turn, refers to using or carrying a firearm "during and in relation to any *crime of violence* or *drug trafficking crime*." *See* 18 U.S.C. § 924(c)(1)(A) (emphasis added). Section 924(c)(2) defines the term "drug trafficking crime," in relevant part, as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*)." *See* 18 U.S.C. § 924(c)(2). Polanco's motion focuses on the term "crime of violence," which has witnessed doctrinal upheaval owing to several recent Supreme Court and Second Circuit decisions.[1]

---

[1] For context, 18 U.S.C. § 924(c)(3) defined two types of predicate "crimes of violence": (1) under the "elements" or "force" clause, felonies with "an element the use, attempted use, or threatened use of physical force against the person or property of another," and (2) under the "residual clause," a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Over the last several years, courts have narrowed the scope of "crimes of violence." First, in

3

However, the Court need not engage with this line of precedent because Polanco's § 924(j) conviction rested on the predicate crime of *drug trafficking*, not a *crime of violence*.[2] Indeed, for the two counts in violation of § 924(j), Counts Three and Four, the indictment charged that Polanco "knowingly and intentionally possess[ed], us[ed], and carr[ied] a firearm in furtherance of a *drug trafficking crime*." At trial, the Court properly instructed the jury that, under § 924(c), the government must prove beyond a reasonable doubt that Polanco "knowingly and intentionally possessed, used and carried a firearm in furtherance of a drug trafficking crime" and that "the conspiracy to distribute five kilograms or more of cocaine is a drug trafficking crime." Tr. at 1068: 1–1070: 1. As this crime, 21 U.S.C. § 841(b)(1)(A), is a felony "punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*)," *see* 18 U.S.C. § 924(c)(2), it is an appropriate

---

*United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held unconstitutionally vague the second category, the residual clause, leaving only the elements clause as the only valid definition of a crime of violence. After *Davis*, the Supreme Court and Second Circuit have narrowed the reach of the first category, the "force" or "elements" clause. *See United States v. Taylor*, 142 S. Ct. 2015 (2022) (Hobbs Act robbery does not qualify as a crime of violence under the force or elements clause); *United States v. Capers*, 20 F.4th 105 (2d Cir. 2021) (RICO conspiracy is not a crime of violence under the force or elements clause). As explained more fully above, this caselaw is not relevant here, as the predicate crime in Polanco's case was not a "crime of violence," but a drug trafficking crime.

[2] In its previous October 5, 2022, order, the Court had incorrectly analyzed Polanco's § 924(c) conviction as relying on a "crime of violence," although the Court's ultimate decision to deny Polanco's motion was correct. *See United States v. Polanco*, No. 07-CR-780 (E.D.N.Y. Oct. 5, 2022).

predicate crime for conviction under 18 U.S.C. § 924(c).

Because the precedent Polanco cites concerns crimes of violence under § 924(c)(3), not drug trafficking crimes under § 924(c)(2), it does not disturb the status of drug trafficking crimes as an appropriate predicate offense for a § 924(c) conviction. As one court recently stated, "[t]here is no doubt, however, that Count One — the narcotics trafficking conspiracy — is a 'drug trafficking crime' for purposes of Section 924(c)." *United States v. Freeman*, No. 02-CR-150 (LAP), 2022 WL 2358420, at *1 (S.D.N.Y. June 30, 2022); *see also Gayle v. United States*, No. 16-CR-361-1 (CS), 2021 WL 5234762, at *4 (S.D.N.Y. Nov. 8, 2021), *aff'd*, No. 21-2872, 2023 WL 1126926 (2d Cir. Jan. 31, 2023), *cert. denied sub nom. Gayle Tyrin v. United States*, No. 22-7682, 2023 WL 6378228 (U.S. Oct. 2, 2023) (stating that drug trafficking crimes "remain[] a valid predicate for a § 924(c) conviction under 18 U.S.C. § 924(c)(2)" after *Davis*). Indeed, the Second Circuit recently held that a firearms conviction under 18 U.S.C. § 924(c) remained properly predicated upon the defendant's participation in a drug trafficking conspiracy, even when also predicated on a conspiracy to commit Hobbs Act robbery. *See Tavarez v. United States*, No. 21-2685, 2023 WL 5614618, at *6 (2d Cir. Aug. 31, 2023).

Against this legal backdrop, Polanco's arguments must fail. First, Polanco argues that the "indictment controls, and the indictment specifically charged a

5

conspiracy to commit to murder." Polanco makes this argument seemingly with the hope that recent caselaw has invalidated conspiracy to commit murder as a proper "crime of violence" predicate under § 924(c). However, as elaborated above, the predicate crime was a drug trafficking crime" which remains a valid predicate.

Second, Polanco argues that the murders "were never alleged or proved to be committed in the commission of a drug trafficking." This argument, too, must fail, as the jury was instructed and found that "the defendant committed a drug trafficking crime." See Tr. 1069: 12–18.

Third, contrary to Polanco's suggestion, the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), does not change the Court's conclusion. To wit, *Taylor* held only that attempted Hobbs Act robberies do not qualify as crimes of violence. *Id*. at 2020. Once again, as Polanco's predicate offense was a drug trafficking crime, not a crime of violence, *Taylor* does not disturb his § 924(c) conviction. And as the two § 924(c) convictions were lawful, there is no spillover prejudice for the two 21 U.S.C. § 848 convictions.

## CONCLUSION

Accordingly, Polanco's Rule 59 motion is denied.

**SO ORDERED.**

  /S/ Frederic Block     
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2023