UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

       -against-

GERMAN DARIO POLANCO,

             Defendant.

-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CR-780-FB

**BLOCK, Senior District Judge:**

German Dario Polanco is serving four concurrent life sentences on two convictions for murder committed in furtherance of a continuing criminal enterprise, *see* 21 U.S.C. § 848(e), and two convictions for murder with a firearm used in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(j). After his convictions and sentences were affirmed on appeal, *see United States v. Polanco*, 510 F. App'x 10 (2d Cir. 2013), he filed a § 2255 motion arguing that his § 924(j) convictions had to be vacated because of *Johnson v. United States*, 576 U.S. 591 (2015), in which the Supreme Court held that the definition of "violent felony" in the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *See id.* at 606.

The Court did not decide whether *Johnson* applied to Polanco's case. Instead, it held that any defect in his § 924(j) convictions "caused no prejudice" because he still had to serve concurrent life sentences on his § 848(e) convictions.

*United States v. Polanco*, 2020 WL 4261175, at *1 (E.D.N.Y. July 24, 2020). Accordingly, the Court denied the § 2255 motion and declined to issue a certificate of appealability.    Polanco appealed but the Second Circuit likewise denied a certificate of appealability and dismissed the appeal.    *See United States v. Polanco*, No. 20-3428 (2d Cir. Sept. 2, 2021).

Six months later, Polanco sought relief from the denial of his § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b)(6).    He argued that the Court had overlooked *Davis v. United States*, 588 U.S. 445 (2019), in which the Supreme Court held that the definition of "crime of violence" in the so-called residual clause of § 924(c) was unconstitutionally vague.    *Id.* at 470.    He further argued that *United States v. Capers*, 20 F.4th 105 (2d Cir. 2021)—in which the Second Circuit held that a RICO conspiracy to commit murder did not qualify as a "crime of violence" under the so-called elements clause of § 924(c)—required vacating his § 924(j) convictions.

The Court considered whether Polanco's Rule 60(b) motion should be treated as a successive § 2255 motion but concluded that it should not because it "claim[ed] error in the original § 2255 proceeding."    *United States v. Polanco*, No. 07-CR-780-FB, at 2 (E.D.N.Y. Oct 5, 2022) (internal quotation marks and alteration omitted).    It nevertheless denied the motion, finding *Davis* and *Capers* inapposite because Polanco's § 924(j) convictions were not predicated on either § 924(c)'s

2

residual clause or a RICO conspiracy.    *See id.* at 3.    The Court again declined to issue a certificate of appealability.    *See id.* at 4.

Polanco timely sought reconsideration under Federal Rule of Civil Procedure 59(e).    He argued that the Court "was mistaken" in denying relief under Rule 60(b) because (1) "the indictment specifically charged a conspiracy to commit murder" and (2) "the alleged murders were never alleged or proved to be committed in the commission of a drug trafficking crime."    Mot. for Recons. at 2.    He later asked the Court to consider *United States v. Taylor*, 596 U.S. 845 (2022), in which the Supreme Court held that attempted Hobbs Act robbery did not qualify as a predicate crime of violence under § 924(c)'s elements clause.

The Court rejected the first two grounds for reconsideration based on Polanco's misunderstanding of the record.    *See United States v. Polanco*, 2023 WL 6542244, at *2 (E.D.N.Y. Oct. 6, 2023) ("[T]he indictment charged that Polanco 'knowingly and intentionally possess[ed], us[ed], and carr[ied] a firearm in furtherance of a *drug trafficking crime*.'" (quoting the indictment); *id.* ("At trial, the Court properly instructed the jury that, under § 924(c), the government must prove beyond a reasonable doubt that Polanco 'knowingly and intentionally possessed, used and carried a firearm in furtherance of a drug trafficking crime' and that 'the conspiracy to distribute five kilograms or more of cocaine is a drug trafficking crime.'" (quoting the trial transcript)).    It further explained that *Taylor* "does not

3

disturb" § 924(c) convictions predicted on drug trafficking crimes.    *Id.*

Polanco appealed.    While the appeal was pending, the Court entered a terse order granting a certificate of appealability.    The Second Circuit has now remanded with instructions "(1) to identify the issue or issues on which [the Court] granted a [certificate of appealability] . . . and (2) to consider whether Polanco's Rule 60(b) and Rule 59(e) motions should have been treated as successive [§ 2255] motions." *United States v. Polanco*, No. 23-7664 (2d Cir. May 8, 2025).

## I

The Court cannot specify any issue justifying a certificate of appealability because there is none.    Under 18 U.S.C. § 924(j), "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm" is guilty of a crime.    Subsection (c), in turn, prohibits the use of a firearm "during and in relation to any crime of violence or drug trafficking crime."

As noted, there have been drastic changes in the law as to what constitutes a "crime of violence" under § 924(c).    Those changes, however, have nothing to do with Polanco's § 924(j) convictions, which were predicated a drug-trafficking crime. There is no substantial question that such a crime remains a valid predicate.    *See Tavarez v. United States*, 81 F.4th 234 (2d Cir. 2023).

## II

A successive § 2255 motion "must be certified . . . by a panel of the

4

appropriate court of appeals to contain" either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  In deciding whether a Rule 60(b) motion is subject to that requirement, district courts must apply the framework set out in *Gonzalez v. Crosby*, 545 U.S. 524 (2005):

> A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a 'claim' [for habeas relief] if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.  That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (emphasis and footnote omitted).  Thus, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533.  Although *Gonzalez* expressly limited its analysis to successive habeas petitions challenging state convictions, *see* 545 U.S. at 529 n.3, "the weight of district court authority in the Second Circuit" holds that the case applies with equal force to successive § 2255 motions challenging federal convictions.  *Schwamborn v. United States*, 507 F. Supp. 2d 229, 240 (E.D.N.Y. 2007) (collecting cases).

5

The Second Circuit's mandate states that "both the Rule 60(b) motion and the Rule 59 motion challenged Polanco's convictions rather than the integrity of the habeas proceedings." *United States v. Polanco*, No. 23-7664, at 4. The circuit court apparently did not think that ended the inquiry, however, or it would have simply deemed the motions successive § 2255 motions. Instead, it remanded with instructions to consider the issue. *Id.*

Such consideration does not yield a clear answer, however, principally because *Gonzalez* creates simplistic categories that do not reflect the realities of tortuous pro se filings. For example, Polanco's original § 2255 motion claimed that his § 924(j) convictions lacked a valid predicate. His Rule 60(b) motion did not "add a new ground for relief"; it merely offered additional caselaw in support of his original claim. And the motion did not "attack[] the [Court's] previous resolution of a claim on the merits" because the Court did not rule on the merits of his original § 2255 motion. Rather, it held that any error in his § 924(j) convictions was harmless in light of his § 848(e) convictions.

What Polanco's Rule 60(b) motion did was argue (1) that the Court overlooked *Davis*, which he had cited in a supplement to his original § 2255 motion, and (2) that *Capers*, which was decided after the Court denied the § 2255 motion, warranted relief from that denial. *Gonzalez* holds that "[a] motion that . . . challenges only the District Court's failure to reach the merits . . . can . . . be

6

ruled upon by the District Court without precertification by the Court of Appeals."

545 U.S. at 538.    It also states, however, that "a motion [contending] that a

subsequent change in substantive law is a 'reason justifying relief' from the

previous denial of a claim is in substance a successive habeas petition and should

be treated accordingly."    *Id.* at 531 (quoting Fed. R. Civ. P. 60(b)(6)).

Polanco's Rule 60(b) motion does both.    The Court can still deny it on the

merits insofar as it relies on *Davis*.    But *Capers* clearly represents a "subsequent

change in substantive law."    To that extent, the Court cannot consider the merits

of the motion absent certification by the Second Circuit.

This presents the Court with two options:    "(i) the court may treat the Rule

60(b) motion as 'a second or successive' habeas petition, in which case it should be

transferred to this Court for possible certification, or (ii) the court may simply deny

the portion of the motion attacking the underlying conviction 'as beyond the scope

of Rule 60(b).'"    *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (quoting

*Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).    Since *Capers* is not "a

new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court," 28 U.S.C. § 2255(h)(2), transferring the motion to the Second

Circuit would serve no purpose.

Polanco's motion for reconsideration is a far simpler matter.    "A Rule 59(e)

motion, unlike a Rule 60(b) motion, does not count as a second or successive

habeas application." *Banister v. Davis*, 590 U.S. 504, 521 (2020).    Accordingly, the Court affirms its prior denial of the motion for reconsideration.

### III

In the decade since his convictions and sentences were affirmed on appeal, Polanco has persistently argued that a change in the law requires his immediate release.    The Court has decided how best to characterize his various challenges only because the Second Circuit's mandate requires it to do so.    That undertaking should not detract from the simple fact that Polanco is wrong; his convictions and sentences are as valid now as they were in 2013.

The Court's prior order granting a certificate of appealability is vacated. Polanco's Rule 60(b) motion is denied on the merits insofar as it relies on *Davis* and denied as beyond the scope of the rule insofar as it relies on *Capers*.    His motion for reconsideration is denied on the merits.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 29, 2025